VERNON ALLISON v. THE STATE.

No. 6940.   Decided June 14, 1922.

Rehearing Denied October 11, 1922.

1.—Burglary—Statement of Facts—Practice on Appeal—Want of Diligence.

Where the statement of facts was not filed within time and there was a want of diligence to do so, same cannot be considered on appeal—and the judgment below must be affirmed.

2.—Same—Rehearing—Practice on Appeal.

Where a motion for rehearing was filed, on affirmance in this court, and nothing appears save the former motion, the application for rehearing will be denied.

Appeal from the District Court of Bell.   Tried below before the Honorable M. B. Blair.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Thomas*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—At the October Term, 1921, of the District Court for Bell County appellant was convicted of burglary, and punishment assessed at two years confinement in the penitentiary.

The trial term adjourned December 24, 1921.   There are no bills of exception, in the record, and the statement of facts was not filed in the lower court until May 29, 1922, more than ninety days after adjournment.   For this reason the State has filed a motion to strike out the statement of facts.   This motion must be sustained unless it appears that appellant has been deprived of his statement of facts without fault on his part.   We find among the papers an affidavit of his attorney dated May 9, 1922, asserting that he had just then learned for the first time that no statement of facts was in the record; that he had prepared one and mailed same from Rogers to the district attorney at Belton requesting him to file same with the clerk when approved by the trial judge.   It is nowhere stated in the affidavit when this was done, and it does not appear that counsel ever followed the matter up, or made any inquiry relative to whether it had been received or filed.   We are of opinion the diligence required to secure a perfecting of the record is entirely wanting, and the motion of the State will be sustained.

No fundamental errors appear upon the face of the record, and the judgment must be affirmed.

*·Affirmed.*

### ON REHEARING.

### October, 11, 1922.

LATTIMORE, JUDGE.—At the last term of this court an affirmance was ordered in this case. After adjournment at said term a formal motion for rehearing was filed on behalf of appellant. When affirmed, the case was before us without proper statement of facts, and the record is still in the same unfortunate condition. Nothing appearing save the formal motion mentioned, the application for rehearing will be denied.

*Overruled.*